**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2019 IL App (3d) 190020-U

Order filed November 19, 2019

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2019

| | | |
|---|---|---|
| *In re* ESTATE OF ELLEN T. BLAND, Deceased | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| (THOMAS G. BLAND, | ) ) | |
| Petitioner-Appellant, | ) ) | |
| v. | ) ) | |
| TRYGVE T. MEADE, Executor of the Estate of Ellen T. Bland, deceased, | ) ) ) | Appeal No. 3-19-0020 Circuit No. 18-P-116 |
| Respondent-Appellee, | ) ) | |
| and | ) ) | |
| UNIVERSITY OF ST. FRANCIS, | ) ) | Honorable Katherine S. Gorman Hubler, |
| Intervenor-Appellee). | ) | Judge, Presiding. |

_____

JUSTICE WRIGHT delivered the judgment of the court.
Justices Holdridge and O'Brien concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:    By operation of statute, the judgment of dissolution of marriage extinguished any interest conferred upon the testator's spouse by a will executed prior to the dissolution of the couple's marriage.

¶ 2        Thomas G. Bland (Thomas) brought a petition to enforce the will of his former wife, Ellen T. Bland (Ellen), which named Thomas as executor and sole legatee of Ellen's estate. The trial court dismissed Thomas's petition to enforce the will. Thomas appeals.

¶ 3                                          I. BACKGROUND

¶ 4        Ellen filed a petition for dissolution of her marriage to Thomas in September 2016. Before executing her last will and testament (the will) in April 2017, Ellen's attorney informed her that after the marriage was dissolved, any interests conferred upon Thomas in the will could potentially have no effect based on section 4-7(b) of the Probate Act of 1975 (the Act). 755 ILCS 5/4-7(b) (West 2016).

¶ 5        On April 3, 2017, Ellen executed the will appointing Thomas as executor and sole legatee of Ellen's estate. Alternatively, Ellen gifted the residue of her estate to the University of St. Francis in Joliet, Illinois (the University) should Thomas not survive her by 30 days. On November 7, 2017, the trial court entered a judgment for dissolution of Thomas and Ellen's marriage. Ellen passed away on December 9, 2017.

¶ 6        On March 20, 2018, the University nominated Trygve Meade to serve as the administrator of Ellen's estate. On March 21, 2018, the trial court entered an order appointing Meade as administrator of Ellen's estate. On June 15, 2018, Thomas filed a petition to enforce the terms of the will (petition to enforce). On September 10, 2018, the University filed a petition to intervene in the matter as a necessary party. On November 13, 2018, the University filed a section 2-619(a)(9) motion to dismiss Thomas's petition to enforce, asserting that section 4-7(b) of the Act served to revoke Thomas's interests in the will. 735 ILCS 5/2-619(a)(9) (West 2018). Following both the language of section 4-7(b) and our decision in *In re Estate of Forrest*, 302 Ill. App. 3d 1021 (1999), the trial court granted the University's motion to dismiss. Thomas appeals.

¶ 7                                    II. ANALYSIS

¶ 8        Citing to *In re Day's Estate*, 7 Ill. 2d 348 (1955), Thomas argues that the trial court's dismissal order should be reversed. Thomas argues that Ellen executed the will in contemplation of the impending dissolution of their marriage. For this reason, Thomas contends that section 4-7(b) mandates only a rebuttable presumption of a revocation of his interests as opposed to an automatic revocation. We review the trial court's dismissal of the petition to enforce pursuant to section 2-619 *de novo*. *Epstein v. Chicago Board of Education*, 178 Ill. 2d 370, 383 (1997).

¶ 9        As recognized by the trial court, this issue has been previously addressed by this court. Without equivocation, this court has rejected the notion that the trial court has any discretion to consider the testator's intent, together with the circumstances surrounding the creation of a will, in order to avoid the reach of section 4-7(b). *In re Estate of Forrest*, 302 Ill. App. 3d at 1026-27. The trial court was bound by this precedent.

¶ 10       Section 4-7(b) is clear and does not allow any court to engage in a factual examination of the testator's intent under similar circumstances. Consequently, speculation is unnecessary at this juncture as to whether the facts of record support a theory that Ellen wrote the will with an understanding that the marriage would continue or in contemplation of an impending divorce. Neither this court nor the trial court is empowered to read exceptions and limitations into section 4-7(b) of the Act because the language of section 4-7(b) of the Act is very clear and does not permit such a reading. Both section 4-7(b) and controlling case law provided a finite blueprint for the trial court to follow, as the trial court did in this case, based solely on the chronological events of record.

¶ 11       For these reasons, we affirm the trial court's judgment and hold that section 4-7(b) of the Act extinguished any interest previously conferred upon Thomas under the terms of the will.

¶ 12                                    III. CONCLUSION

¶ 13          The judgment of the circuit court of Peoria County is affirmed.

¶ 14          Affirmed.